IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE JACKSON, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF CHESTER, et al. | : | NO. 08-4337 |

MEMORANDUM RE:  MOTION TO DISMISS

**Baylson, J.**                                                                                                     **December 24, 2008**

Dwayne Jackson ("Jackson") initiated this civil rights action against Defendants City of Chester, Chester City Police Department, Police Chief Floyd Lewis ("Chief Lewis"), and Police Officer Stephen Rosinski ("Officer Rosinski").  Presently before this Court is Defendants' Motion to Dismiss part of the complaint.  For the following reasons, the Motion will be granted in part and denied in part.

**I.       Background and Procedural History**

On September 10, 2008, Dwayne Jackson filed the current civil rights action against Defendants City of Chester, Chester City Police Department, Chief Lewis, and Officer Rosinski. (Doc. 1).  The complaint concerns an interaction Jackson had with Officer Rosinski and other police officers on the morning of January 16, 2008.  (Compl. ¶ 9).  In accordance with the appropriate standard for a motion to dismiss for failure to state a claim, the facts are taken in the light most favorable to the nonmoving party (i.e., Plaintiff).

Plaintiff alleges that on the morning in question, he was located on a public street and highway in Chester, Pennsylvania when, "for no lawful reason and without probable cause or reasonable suspicion," Rosinski and other police officers who were not named as parties chased

Jackson down. (Compl. ¶¶ 9-10). After they caught up to Jackson, the police officers allegedly assaulted him around 3118 West 9th Street in Chester, causing severe and extensive injuries. (Compl. ¶¶ 10-16). When the EMT showed up to tend to Jackson's wounds, Rosinski and the other officers told Jackson that they would not pursue "the matter" any further so long as he refused the medical treatment. (Compl. ¶ 17). After Jackson's bleeding could not be controlled, Rosinski and the other officers took Jackson to Taylor Hospital. (Compl. ¶ 18). Jackson was then issued a citation by Rosinski for possession of drug paraphernalia. (Compl. ¶ 19).

On the basis of these allegations, Jackson brings several claims against Defendants. As to the City of Chester, Jackson claims in Count V of his complaint that the City of Chester violated his Fifth and Fourteenth Amendment rights by failing to instruct, supervise, control, or discipline its police officers (Compl. ¶ 37); by knowing or having reason to know of the wrongs committed by its police officers and acting with deliberate indifference to those wrongs (Compl. ¶ 38); and by approving or ratifying the police officers' acts (Compl. ¶ 39). As to the Chester City Police Department, Jackson fails to specifically establish any claims besides those brought against the City of Chester.

As to Chief Lewis, the complaint does not specifically identify the acts committed by Chief Lewis, nor what legal rights Jackson alleges that Chief Lewis violated. Jackson makes more specific arguments in his Response to Defendants' Motion to Dismiss.

Finally, as to Officer Rosinski, Jackson makes several claims. First, in Count I, Jackson alleges that Rosinski and other defendant police officers not specifically named violated Jackson's (1) Fifth and Fourteenth Amendment rights, pursuant to the Equal Protection clause and when Rosinski "impeded the due course of justice" (Compl. ¶ 20); (2) First, Fourth, and

Fourteenth Amendment rights, as Rosinski committed false imprisonment and malicious prosecution (Compl. ¶ 21); (3) First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights and his rights under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, without any specific detail as to the basis (Compl. ¶ 23); and (4) Fourteenth Amendment rights, as Rosinski violated Jackson's right to be secure in his person, free from punishment without due process, and to equal protection of the laws (Compl. ¶ 24).

Next, in Count II, Jackson again alleges that (5) Rosinski and other defendant police officers not specifically named violated Jackson's Fifth and Fourteenth Amendment rights by depriving Jackson of liberty without due process of law and equal protection of the laws, by the commission of an unlawful and malicious arrest (Compl. ¶ 28); and (6) Rosinski, Lewis, and other unnamed defendant police officers violated his Fifth and Fourteenth Amendment rights by depriving Jackson of liberty without due process of law and equal protection of the laws, by the commission of an unlawful and malicious detention (Compl. ¶ 29).  In Count III, Jackson only appears to reiterate the harms that he suffered without mentioning an independent violation.  In Count IV, (7) Jackson alleges that Rosinski and other unnamed defendant police officers engaged in malicious prosecution for the drug paraphernalia citation.  (Compl. ¶ 33).

In response to the complaint, Defendants filed the Motion to Dismiss on October 1, 2008 which is currently before this Court.  (Doc. 4).

## II.     Jurisdiction and Legal Standard

### A.     Jurisdiction

This Court has jurisdiction over those claims arising under federal law pursuant to 28 U.S.C. § 1331, and the civil rights claims pursuant to 28 U.S.C. § 1343.  This Court also has

supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

### B. Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a valid complaint a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 n.3 (2007)).

### III. Party Contentions

In their Motion to Dismiss, Defendants make several arguments. First, Defendants argue that the City of Chester Police Department is not a proper party for purposes of this litigation. Second, Defendants contend that Police Chief Floyd Lewis should be completely dismissed as a party since there are no allegations in the complaint of any personal involvement by him, nor are there allegations sufficient to establish supervisory liability. Third, Defendants argue that all claims against the unidentified police departments and police officers should be dismissed since the right to include these defendants was not preserved in a procedurally appropriate way and

since there is also insufficient evidence of a conspiracy.  As to Jackson's claims under the Fifth and First Amendments, Defendants contend that there is no basis for either claim.  Concerning Jackson's claims for municipal liability, Defendants again argue that there is insufficient evidence for a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  Defendants next argue that Counts III and IV are effectively redundant since the claims in those counts were already addressed in Count I.  Finally, as to Jackson's claims for deprivation of liberty without due process and for his rights of equal protection of the laws, Defendants argue that there is no allegation that Jackson was not provided due process of law and that there are no allegations to support any claim of discrimination by the Defendants.

In Jackson's Response to Defendants' Motion to Dismiss, he addresses only some of Defendants' arguments.  First, as to Defendants' claim that the City of Chester Police Department is the wrong party for purposes of the lawsuit, Jackson has agreed to dismiss the City of Chester Police Department from the case.  Jackson then argues that there are sufficient allegations of excessive force against Rosinski, Lewis, and other officers by highlighting paragraphs 10 through 13 in the complaint.  Jackson then goes on to argue that there are sufficient allegations to suggest that there was no probable cause at the time of the arrest.  Addressing the arguments concerning Monell and Chief Lewis, Jackson contends that there are sufficient allegations of a policy, practice, or custom and that supervisory liability for Chief Lewis is adequately alleged.

**IV.    Discussion**

    **A.    City of Chester Police Department as Proper Party - Chief Lewis**

Jackson has conceded this point and has agreed to drop the City of Chester Police

Department from the case.  This Court will therefore dismiss all claims against the City of Chester Police Department with prejudice.

The only allegation against Chief Lewis that has any factual basis is that he allegedly knew that constitutional violations "were about to occur," but this is pure speculation without facts that he had such foresight.  Therefore, the allegations against Chief Lewis will be dismissed without prejudice.

### B. Claims Against Unidentified Police Officers

Next, Defendants seek to dismiss those claims against the police officers that are unidentified in the Complaint.  Defendants contend that Jackson failed to preserve the opportunity to include these officers in the Complaint and that there are insufficient facts to carry a claim of conspiracy.  Plaintiff can attempt to identify any additional officers who he contends are liable during discovery and file an Amended Complaint, but because the Plaintiff has not named any police officers, this claim will be dismissed without prejudice.

### C. First and Fifth Amendment Claims

Based on Walker v. North Wales Borough, 395 F. Supp. 2d 219, 228 (E.D. Pa. 2005) (Baylson, J.) (citing Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003), and King v. Ridley Twp., 2007 WL 2071871 (E.D. Pa. July 17, 2007), these claims will also be dismissed, without prejudice.

### D. Redundancy of Counts III and IV

Defendants next seek to dismiss Counts III and IV of Jackson's Complaint.  Defendants argue that these Counts are redundant to the claims brought in Count I.  Jackson again did not provide a response to Defendants' argument.  In Count III, the only specific allegation made is:

"[a]s a proximate result of defendants unlawful arrest and imprisonment, plaintiff was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered great pain and mental anguish, all to plaintiff's damage in the sum in excess of $150,000.00." (Compl. ¶ 31). However, earlier in the Complaint, Jackson alleges that Defendants committed an unlawful arrest (Compl. ¶¶ 26, 28) and unlawful imprisonment (Compl. ¶¶ 21, 26, 27, 28) in Counts I and II. Count III's only addition is that it more specifically identifies the harms suffered as a result of the acts. It does not, however, identify any separate and unique violation of rights.

Count IV also makes redundant allegations. The allegations in that Count first allege that the defendant police officers "wrongfully, unlawfully and maliciously prosecuted plaintiff by issuing a citation which charged him with possession of dug [sic] paraphernalia." (Compl. ¶ 33). Jackson then goes on to specifically identify the harms caused by the malicious prosecution. The claim of malicious prosecution is again redundant of prior paragraphs in the Complaint. See (Compl. ¶¶ 21, 22). Count IV's only addition is to more specifically identify the harms caused by the malicious prosecution.

This Court will grant Defendants' Motion to Dismiss Counts III and IV of Jackson's Complaint without prejudice.

### E. Municipality Liability

Next, Defendants argue that there is insufficient evidence to sustain a claim against the City of Chester under Monell. It is well settled that to establish a violation of 42 U.S.C. § 1983 by a municipality, a plaintiff must show that the alleged misconduct was caused by an official government custom or policy. Monell, 436 U.S. at 694. Municipal custom or policy can be demonstrated either by reference to express, codified policy or by evidence that a particular

practice, although not authorized by law, is so permanent and well-settled that it constitutes law. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).  Further, Plaintiff must demonstrate causation, as "a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation."  City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal quotations omitted).  Additionally, for liability to attach under a failure-to-train theory, Defendant's failure to train its employees must "reflect a 'deliberate' or 'conscious' choice by [a] municipality" such that one could call it a policy or custom.  Id. at 388-89; Grazier v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir. 2003). This standard will not be satisfied by a mere allegation that a training program represents a policy for which the city is responsible, but rather, the focus must be on whether the program is adequate to the tasks the particular employees must perform.  Harris, 489 U.S. at 389-90.  Moreover, such liability arises "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants."  Id.

In the Complaint, Jackson does not identify any specific policy or practice that allegedly violated his constitutional rights.  (Compl. ¶¶ 37-40).  He instead alleges that the City of Chester had knowledge or should have had knowledge of the wrongs and "with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so."  (Compl. ¶ 38).  He also alleges that the City of Chester "approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendant police officers heretofore described."  (Compl. ¶ 39).  As this Court has recognized in the past, these allegations, "standing alone, do[] not state a claim: Plaintiff has not sufficiently alleged that the harm he suffered was caused by a constitutional violation brought about by a policy or practice of discrimination" for which the City of Chester

was responsible. <u>Jackson v. Chester County</u>, 2008 WL 1836675 (E.D. Pa. Apr. 23, 2008) (Baylson, J.) (citing <u>Marran v. Marran</u>, 376 F.3d 143, 156 (3d Cir. 2004)).

Jackson's <u>Monell</u> claim is therefore dismissed without prejudice.

## V. **Conclusion**

For the above reasons, Plaintiff should consider filing an Amended Complaint, either dropping some of the present claims or curing the defects noted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE JACKSON, | : | CIVIL ACTION |
| v. | : | |
| CITY OF CHESTER, et al. | : | NO. 08-4337 |

# **ORDER**

AND NOW, this 24th day of December, 2008, upon consideration of Defendants' partial Motion to Dismiss (Doc. 4) and Plaintiff's Answer (Doc. 7) thereto, and in accordance with the attached Memorandum, it is hereby ORDERED as follows:

1. Defendant Chester City Police Department is DISMISSED from the case with prejudice.

2. Defendant City of Chester is DISMISSED from the case without prejudice.

3. Plaintiff's allegations of First and Fifth Amendment violations are stricken without prejudice.

4. Counts III and IV of the Complaint are dismissed without prejudice.

5. Plaintiff's claims against Police Chief Floyd Lewis are dismissed without prejudice.

6. Plaintiff may file an Amended Complaint within twenty-one (21) days.

7.      If an Amended Complaint is filed, Defendant Rosinski may respond to the Amended Complaint.  If not, he should answer the original Complaint.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-4337 Jackson v. City Chester\Jackson v. Chester - Memo Motion Dismiss.wpd