IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE JACKSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER CITY POLICE DEPARTMENT et al., | : | No. 08-4337 |
| Defendants. | : | |

**MEMORANDUM RE:  MOTION TO DISMISS AMENDED COMPLAINT**

**Baylson, J.**                                                                                                          **March 3, 2009**

Dwayne Jackson initiated the current civil rights action against several defendants related to the City of Chester Police Department.  Presently before this Court is Defendants' Motion for Partial Dismissal of the Amended Complaint (Doc. 10).  For the following reasons, the Motion will be granted in part and denied in part.

**I.      Background and Procedural History**

   **A.      Factual Background**

On September 10, 2008, Dwayne Jackson filed the current civil rights action against Defendants City of Chester, Chester City Police Department, Police Chief Floyd Lewis, and Officer Stephen Rosinski.  (Doc. 1).  After this Court entered an Order on December 24, 2008 (Doc. 8) disposing of Defendants' Motion to Dismiss (Doc. 4), Jackson filed an Amended Complaint (Doc. 9) with generally the same factual allegations as filed in the original Complaint. The allegations concern an interaction Jackson had with Officer Rosinski and other police officers on the morning of January 16, 2008.  (Am. Compl. ¶ 8).  In accordance with the

appropriate standard for a motion to dismiss for failure to state a claim, the facts are taken in the light most favorable to the nonmoving party (i.e., Plaintiff).

Plaintiff alleges that on the morning in question, he was located on a public street and highway in Chester, Pennsylvania when, "for no lawful reason and without probable cause or reasonable suspicion," Rosinski and other police officers who were not specifically identified chased Jackson down. (Am. Compl. ¶¶ 8-9). After they caught up to Jackson, the police officers allegedly assaulted him around 3118 West 9th Street in Chester, causing severe and extensive injuries. (Am. Compl. ¶¶ 9-15). Because Jackson's bleeding caused by the assault could not be controlled, Rosinski and the other officers took Jackson to Taylor Hospital. (Am. Compl. ¶ 16). Jackson was then issued a citation by Rosinski for possession of drug paraphernalia, which was eventually withdrawn. (Am. Compl. ¶ 17).

On the basis of these allegations, Jackson brings several claims, scattered throughout the Amended Complaint, against Defendants Rosinski and the other unnamed officers: (1) excessive force, in violation of the Fourth Amendment (Am. Compl. ¶ 18); (2) violation of his right to equal protection of the laws (Am. Compl. ¶ 18); (3) "imped[ing] the due course of justice," in violation of the Fourth Amendment (Am. Compl. ¶ 18); (4) violation of his right to be free from punishment without due process (Am. Compl. ¶ 23); (5) denial of his right to liberty without due process of law (Am. Compl. ¶ 28); (6) wrongful and malicious arrest (Am. Compl. ¶ 19); (7) wrongful and malicious prosecution (Am. Compl. ¶ 19); (8) violation of his First Amendment right to lawful assembly on the street corner (Am. Compl. ¶ 20); (9) violation of his Eighth Amendment rights; (Am. Compl. ¶ 22); and (10) violation of his Fifth Amendment rights (Am. Compl. ¶ 22). Jackson also makes reference to several federal statutes, 42 U.S.C. §§ 1983, 1985,

1986, and 1988.  (Am. Compl. ¶ 22).

   B.   **Procedural History**

Jackson filed his initial Complaint with this Court on September 10, 2008.  (Doc. 1). Defendants filed a Motion to Dismiss part of the complaint on October 1, 2008.  (Doc. 4).  After Jackson responded, this Court granted in part and denied in part the Motion.  (Doc. 8); Jackson v. City of Chester, 2008 WL 5381361 (E.D. Pa. Dec. 24, 2008).  First, as to all claims against the City of Chester Police Department, Jackson conceded that the Police Department was not a proper party and agreed to dismiss the claims with prejudice.  As to Police Chief Lewis, this Court dismissed all claims against him without prejudice, finding that there were no factual allegations in the Complaint to suggest that he was involved in any constitutional violation. Next, concerning the claims against the unidentified police officers, this Court held that "Plaintiff can attempt to identify any additional officers who he contends are liable during discovery and file an Amended Complaint, but because the Plaintiff has not named any police officers, this claim will be dismissed without prejudice."  As to those claims made by Jackson that were based on the First and Fifth Amendments, this Court also dismissed the claims without prejudice due, in part, to Jackson's failure to support either claim with a cognizable legal theory.  Next, addressing an objection made to the redundancy of the counts of Jackson's complaint, this Court dismissed the last two counts for failing to provide any new basis of relief.  Finally, this Court determined that the claims against the City of Chester were also insufficient to withstand scrutiny and dismissed the City without prejudice.  The Order encouraged Jackson to file an amended complaint to cure the deficiencies discovered.

Jackson accepted this Court's invitation by filing an Amended Complaint on January 14,

2009.  (Doc. 9).  In response, Defendants again filed a partial Motion to Dismiss on January 19, 2009 (Doc. 10), and Jackson responded on January 30, 2009 (Doc. 13).  That Motion is currently before this Court.

## II.     Jurisdiction and Legal Standard

### A.     Jurisdiction

This Court has jurisdiction over those claims arising under federal law pursuant to 28 U.S.C. § 1331, and the civil rights claims pursuant to 28 U.S.C. § 1343.  This Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

### B.     Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to state a valid complaint, a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests."  Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 n.3 (2007)).

## III.    Party Contentions

In their current Motion to Dismiss, Defendants make several arguments. First, Defendants contend that there are no additional factual allegations in the Amended Complaint to support the inclusion of Chief Lewis as a defendant, and, due to this Court's prior Order dismissing Chief Lewis in the original Complaint, he should again be dismissed. Next, Defendants argue that the claims against the unidentified police officers should again be dismissed due to the holding in this Court's prior Order. As to the First Amendment claim, Defendants argue that Jackson did not allege that he was engaged in any protected conduct to trigger a First Amendment violation. As to the Fifth Amendment claim, Defendants argue that there is no legal basis for liability alleged in the Amended Complaint. Next, Defendants contend that Jackson's claims for a Due Process violation and for an Equal Protection violation should be dismissed; they argue that Jackson has not alleged that he was denied any due process by issuance of the citation and its subsequent withdraw, and Jackson has not alleged that he was discriminated on the basis of any protected classification. Finally, Defendants note that the City of Chester Police Department, while named as a defendant in the Amended Complaint, should be dismissed as not an appropriate party in accordance with this Court's earlier Order.

In Jackson's Response to the current Motion, he again, as with the prior Motion to Dismiss, addresses only some of Defendants' arguments. First, Jackson agrees to dismiss the City of Chester Police Department, the City of Chester, and Chief Lewis from the litigation. Next, Jackson seems to argue that the claims against Officer Rosinski and the other officers for excessive force have been sufficiently pled to maintain these defendants as parties. As to the allegedly unlawful arrest, Jackson simply argues that the police allegedly had no probable cause for the arrest or did not have the legal authority for an arrest. It is unclear to this Court whether

he is seeking to rebut arguments by the Defendants or simply supporting his excessive force and unlawful arrest claims with these two sections. Finally, as to the First Amendment claim, Jackson argues that his right to lawful assembly is the legal basis for his claim.

IV.     Discussion

    A.     **City of Chester Police Department as Defendant**

Both parties agree that Jackson mistakenly included the City of Chester Police Department as a defendant for the Amended Complaint and that the Police Department is not a proper party for the litigation. This Court will therefore dismiss all claims against the City of Chester Police Department with prejudice.

    B.     **City of Chester as Defendant**

While not an issue raised by Defendants, Jackson concedes that the City of Chester should not be a defendant in this case. This Court will therefore dismiss all claims, if any, against the City of Chester without prejudice.

    C.     **Police Chief Lewis as Defendant**

Both parties again agree that there are insufficient facts to maintain a claim against Chief Lewis. This Court will therefore dismiss all claims against Chief Lewis without prejudice.

    D.     **Claims Against Unidentified Police Officers**

Next, Defendants seek to dismiss those claims against the police officers that are unidentified in the Complaint by relying on this Court's earlier Order. In that Order, this Court held that "Plaintiff can attempt to identify any additional officers who he contends are liable during discovery and file an Amended Complaint, but because the Plaintiff has not named any police officers, this claim will be dismissed without prejudice."

In the Amended Complaint, Jackson has failed to identify any of the police officers other than Officer Rosinski. He has also failed to provide any new argument as to why these unidentified officers should remain in the case without identification. Therefore, consistent with the prior Order, Jackson can attempt to identify any other police officers during the course of discovery and can file an amended complaint to include the newly discovered officers. However, until then, any claims against the unidentified officers are dismissed without prejudice.

### E. Fifth Amendment Claim

Next, Defendants seek to dismiss Jackson's Fifth Amendment claim. Defendants argue that the Amended Complaint does not fall within any legal theory of the Fifth Amendment. Jackson did not provide a response to Defendant's arguments. Jackson refers to the Fifth Amendment at several points in his Amended Complaint. See (Am. Compl. ¶¶ 22, 28, 29). However, as this Court recognized in its earlier Order, there are no Fifth Amendment legal theories upon which Jackson could proceed. "And to the extent Plaintiff[] allege[s] that the actions of a municipality and its police officers deprived [him] of due process of law, that's a Fourteenth, not Fifth Amendment claim." See King v. Ridley Twp., 2007 WL 2071871, at *2-3 (E.D. Pa. July 17, 2007) (Joyner, J.) (granting motion to dismiss Fifth Amendment claim against police officers in an excessive force case). As no significant change has been made to the Amended Complaint to somehow connect the actions at issue with the federal government and Jackson has not invoked any Fifth Amendment theory, Jackson's claims under the Fifth Amendment will be dismissed without prejudice.

### F. Fourteenth Amendment Claims

Defendants argue that Jackson's claims for denial of liberty without due process and

denial of equal protection under the Fourteenth Amendment should be dismissed. As for the denial of liberty without due process claim, Defendants argue that failure to include an allegation in the Complaint that Jackson was not provided with a hearing for the citation is fatal to claim. As to the equal protection claim, Defendants argue that there is no allegation of either purposeful discrimination or any allegation that he was treated differently than another on the basis of his membership in a protected class. In his brief, Jackson failed to provide any legal argument to support either of the claims.

First, as to the due process claim, while the standard for liability may be based on the Fourth Amendment, "the use of excessive force in making an arrest 'may deprive the victim of a fourteenth amendment liberty without due process of law.'" Edwards v. City of Philadelphia, 860 F.2d 568, 573 (3d Cir. 1988) (quoting Black v. Stephens, 662 F.2d 181, 188 (3d Cir. 1981)). Since Jackson's Amended Complaint contains allegations of excessive force, he may proceed on this Fourteenth Amendment claim.

Next, Defendants contend that there are insufficient allegations to maintain Jackson's equal protection claim. "To assert a valid equal protection claim, the plaintiff must allege intentional or purposeful discrimination by the defendant." Doe v. Allentown Sch. Dist., 2007 WL 2814587, at *6 (E.D. Pa. Sept. 21, 2007) (Golden, J.) (citing Personnel Adm'r v. Feeney, 442 U.S. 256, 272 (1979)). Where the plaintiff is not a member of a recognized suspect class (or, in the case of a motion to dismiss, there is no allegation of membership in a protected class), the plaintiff may proceed under a "class of one" theory; the plaintiff "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough

of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

Jackson has not alleged that he is a member of any suspect class. He has also not alleged any purposeful or intentional discrimination by Officer Rosinski. As for a "class of one" theory, Jackson has not identified any other individuals who were treated differently than he was, he has not alleged that any of the Defendants discriminated against him intentionally, nor has he alleged that there was no rational basis for any difference in treatment. See Hill, 455 F.3d at 239 (affirming district court's dismissal of equal protection claim where plaintiff failed to identify any similarly situated individual who was treated differently). Defendants' Motion to Dismiss Jackson's equal protection claim will therefore be granted without prejudice.

### G.  First Amendment Claim

Next, Defendants moved to dismiss Jackson's claim for a First Amendment violation. While Defendants argued in their Motion that Jackson had failed to identify a protected activity that he was engaged in or a legal theory that he relies on in establishing liability, Jackson responded to the Motion by invoking the First Amendment's right to assembly. As Jackson has identified a valid First Amendment theory of liability, Defendants' Motion to Dismiss the First Amendment claim will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE JACKSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER CITY POLICE DEPARTMENT et al., | : | No. 08-4337 |
| Defendants. | : | |

## ORDER

AND NOW, this 3rd day of March 2009, upon consideration of Defendants' Partial Motion to Dismiss (Doc. 10) and Plaintiff's Response (Doc. 13) thereto, and in accordance with the attached Memorandum, it is hereby ORDERED that

(1) Defendant City of Chester Police Department is DISMISSED from the case with prejudice;

(2) Defendant City of Chester is DISMISSED from the case without prejudice;

(3) Defendant Police Chief Floyd Lewis is DISMISSED from the case without prejudice;

(4) Plaintiff's allegations of Fifth Amendment violations are stricken without prejudice;

(5) Plaintiff's allegations of Fourteenth Amendment equal protection violations are stricken without prejudice; and

(6) The remaining Defendant, Officer Rosinski, shall answer the Complaint within fourteen (14) days from the date of this Order.

BY THE COURT:

/s/ Michael M. Baylson  
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-4337 Jackson v. City Chester\08-4337 Jackson v. City of Chester - Memo Re Motion to Dismiss Amended Complaint.wpd